IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLUMBIA

IRIS PREDDIE )
6805 GEORGIA AVENUE, NW, APT. 6 )
WASHINGTON, D.C. 20012 )
)
        Plaintiff, )
) Case No.:
v. )
)
WINN RESIDENTIAL )
PROPERTY MANAGEMENT, L.L.C. )
6 FANEUIL HALL MARKETPLACE )
BOSTON, MA 02109 )
)
-and- )
)
PARK ROAD APARTMENTS, LIMITED )
PARTNERSHIP )
c/o CT Corporation System )
1015 15th Street, NW, Ste. 1000 )
Washington, DC 20005 )
)
        Defendants )
)

## NOTICE OF REMOVAL

      Defendant, PARK ROAD APARTMENTS, L.P. (hereinafter "Defendant"), by and through undersigned counsel and pursuant to 28 U.S.C. §§1331, 1441 and 1446 gives notice that the above-captioned action, pending in the Superior Court for the District of Columbia, is hereby removed to the United States District Court for the District of Columbia. The grounds for removal are as follows:

      1.    This action was commenced by the filing of the attached Complaint on or about June 30, 2008 in the Superior Court for the District of Columbia, Case No. 2008 0004688 B,

alleging among other things that Defendants "Violat[ed] of Federal Housing Standards," including 24 C.F.R. § 5.703. See Complaint, Count VI.

2.    This Court has jurisdiction over this matter based on the Federal question raised by Plaintiff in her Complaint. Cause of action "founded on a claim or right arising under the . . . laws of the United States" are removable without regards to the citizenship of the parties. See 28 U.S.C. § 1441(b).

3.    The Complaint was served upon the Defendant on July 3, 2008, therefore pursuant to 28 U.S.C. 1446(b), this Notice of Removal is timely filed. This provision provides that the notice of removal shall be filed within thirty (30) days after receipt by Defendant, by service or otherwise, of the initial pleading setting forth the claim for relief upon which this action is based. This Notice of Removal is filed within thirty (30) days after receipt by the Defendant of Plaintiff's Complaint through service or otherwise.

4.    No responsive pleading has been filed on behalf of the Defendant, but Defendant anticipates Answering the Complaint following removal of this action.

5.    Pursuant to 28 U.S.C. § 1446(a), Defendant has attached a copy of all process, orders, papers, and pleadings served upon them in this action. See Exhibit A.

6.    Pursuant to 28 U.S.C. § 1446(d), undersigned counsel certifies that a copy of this Notice of Removal will be served promptly on Plaintiff; filed with the Clerk of the Superior Court; and that Notice of Defendant's Removal has been filed with the Clerk of the Superior Court for the District of Columbia. See Exhibit B.

WHEREFORE, the Defendant respectfully requests that its Notice of Removal will be deemed sufficient.

2

Dated this 31st day of July, 2008          Respectfully submitted,

**TAYLOR SYLLA & AGIN, LLP**

Marshall W. Taylor, No. 454615
Taylor Sylla & Agin, LLP
The Commercial National Bank Building
1420 New York Avenue, N.W.
Suite 810
Washington, D.C. 20005
Phone: (202)783-7830
Email: mtaylor@tsafirm.com

Attorneys for Defendant

\* \* \*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 31st day of July, 2008, I served the following Notice of

Removal and attached Exhibits upon the following:

Jennifer L. Berger
AARP Legal Counsel for the Elderly
601 E Street, N.W.
Washington, D.C. 20049
Attorney for Plaintiff

Marshall W. Taylor



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

IRIS PREDDIE
Vs.                                                    C.A. No.      2008 CA 004688 B
WINN RESIDENTIAL

### INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge MAURICE ROSS
Date:  June 30, 2008
Initial Conference: 9:00 am, Friday, October 03, 2008
Location:   Courtroom 415
                500 Indiana Avenue N.W.
                WASHINGTON, DC  20001

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

CA Form 1

## Superior Court of the District of Columbia
### CIVIL DIVISION
**500 Indiana Avenue, N.W., Room JM-170**
**Washington, D.C. 20001 Telephone: 879-1133**

Iris Preddie
6805 Georgia Avenue, NW, Apt. 6
Washington, D.C. 20012     *Plaintiff*

0004684 - 08
Civil Action No. _____

vs

Park Road Apartments Limited
Partnership          *Defendant*
c/o C T Corporation System
1015 15th Street, NW, Ste. 1000
Washington, D.C. 20005          **SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Jennifer L. Berger
Name of Plaintiff's Attorney

AARP Legal Counsel for the Elderly          By _____
Address                                              Deputy Clerk
601 E Street, NW, Washington, D.C. 20049

(202) 434-2155                              Date 06/30/08
Telephone

**PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPAÑOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170**

**YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170**

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

RECEIVED
Civil Clerk's Office

JUN 3 0 2008

Superior Court of the
District of Columbia
Washington, D.C.

Iris Preddie
6805 Georgia Avenue, NW, Apt. 6
Washington, DC 200012,

                  Plaintiff

v,

Civil Action No. _____ 0004688-08

Winn Residential
6 Faneuil Hall Marketplace
Boston, MA  02109
c/o CT Corporation System
1015 15th Street, NW, Ste. 1000
Washington, DC  20005

Park Road Apartments Limited
Partnership
c/o CT Corporation System
1015 15th Street, NW, Ste. 1000
Washington, DC  20005

                  Defendants

## VERIFIED COMPLAINT

Plaintiff, by and through undersigned counsel, Jennifer L. Berger and AARP Legal

Counsel for the Elderly, for their Complaint against Defendant, allege as follows:

## SUMMARY

1.    This action seeks to recover compensatory, treble and punitive damages for the actions of

the Defendant that resulted in unsanitary, unsafe and inhumane living conditions in a rental

property owned and managed by Defendant in violation of the District of Columbia's housing

code, 14 DCMR ("Housing Code"), Federal Regulations for Housing and Urban Development,

24 C.F.R. § 5.703 and other applicable laws.

### JURISDICTION

2.      Jurisdiction and authority of this honorable Court to grant the requested relief is premised

on D.C. Code Annotated, Section 11-921, which provides that the Superior Court of the District

of Columbia may adjudicate any civil action at law or in equity brought in the District of

Columbia.

### PARTIES

3.      Iris Preddie is 90 years old and suffers from Alzheimer's-related dementia and high blood

pressure. She was a lawful tenant of 3322 14th Street, NW Apt. 342 in Washington, DC

(hereinafter, the "Premises") since November 1999, up until she moved from the apartment in

March 2008. *See* Exhibit 1, September 27, 2007 Owner's Certification of Compliance with

HUD's Tenant Eligibility and Rent Procedures ("Owner's Certification"). Her daughter, and

power of attorney, Greneth Ann Preddie, brings this Complaint on her own behalf.

4.      The Defendant, Winn Residential, is, now and at all times relevant to this Complaint, the

management company in control of the apartment building located at 3322 14th Street, NW in

Washington, DC. The building is subsidized by the Department of Housing and Urban

Development ("HUD") and is designed for seniors aged 62 and above and consists of

approximately 150 apartment homes, including the Premises. *See* id.

5.      Defendant lived in the Premises under a 'project based' subsidy from the Department of

Housing and Urban Development. In exchange for the subsidy, 'Section 8' buildings must

2

comply with federal housing quality standards under 24 C.F.R. § 5.703. The Defendant has

managed the property since at least the inception of Plaintiffs' tenancy.

6.      The Defendant, Park Road Apartments Limited Partnership is, now and at all times

relevant to this Complaint, the owner of the apartment building located at 3322 14th Street, NW

in Washington, DC. The building is subsidized by the Department of Housing and Urban

Development ("HUD") and is designed for seniors aged 62 and above and consists of

approximately 150 apartment homes, including the Premises. See id.

## FACTS

7.      Plantiff has resided at Premises, a one-bedroom apartment located in the area of the

Northwest region of the District of Columbia, since November 1999, and moved from the

Premises in March of 2008. See id.

8.      The most recent recertification provided for a monthly rent of $239.00. See Exhibit 2,

Defendant's September 24, 2007 notice to Plaintiff of rent level. Plaintiff has paid the full rent

faithfully throughout her tenancy.

9.      Plaintiff has experienced serious rodent infestation throughout her apartment since a

period of construction on the Premises around May 2007. The mice bit holes in food packages,

clothing, and the couches of Ms. Preddie, and urinated and defalcated on all of her personal

belongings. Mice would crawl on Ms. Preddie's table while she was eating, and crawled out of

her dresser drawers when she opened the drawers.

10.     Plaintiff and Plaintiff's daughters, Charmaine Preddie and Greneth Ann Preddie,

complained several times to management about the rodent infestation from May 2007 through

February 2008. They complained to the receptionist at the on-site management office and to

Felicia White, Occupancy Specialist, often at least twice daily, in-person. Defendants would

3

state that they need access to the unit, and each time Ms. Preddie and her daughters would confirm that Defendants were welcome to access the Premises any time with their keys in order to address the severe rodent infestation.

11.    Despite numerous complaints to Defendants, and Defendants' promises to address the issues, the rodent infestation continued, unaddressed by the Defendants. The problem so intensified by September 2007 that while Ms. Preddie was hospitalized, Greneth Preddie visited her apartment and found several dead mice in the apartment. Greneth Preddie informed Felicia White of the problem again, to no avail.

12.    As a result of the failure of Defendants to address the rodent infestation problem in the apartment, Ms. Iris Preddie was released from the hospital into her daughter Greneth Preddie's home, where Ms. Iris Preddie has remained since.

13.    In early November 2007, Mr. Brown of District of Columbia Housing Authority visited the Premises with Greneth Preddie and her son, Javon Preddie, and confirmed seeing carcasses of vermin and other signs of infestation in the apartment.

14.    On November 29, 2007, an investigation of Plaintiff's apartment by staff of AARP Legal Counsel for the Elderly noted the following rodent-related damage to the Premises:

(a)    rodent droppings in the kitchen on the countertops, on the refrigerator and the floors;

(b)    holes in the baseboard molding behind the refrigerator, in the living room, and behind the bed;

(c)    evidence of rodent diggings in the potted plants in the living room, that killed the plants;

(d)    rodent droppings on the dining room table, on the floor of the bathroom, on the television, on the box spring of the bed, and on all window ledges;

4

(e)     shredded material of a phonebook on the closet floor surrounded by rodent droppings; and

(f)     a live rodent in the bureau drawer surrounded by droppings on the folded clothes.

15.     Additionally, the investigation of AARP Legal Counsel for the Elderly noted a large water stain on the living room carpet that resulted from a leak in the apartment above, which is also maintained by management. Management was informed of the leak and declined to pay to have the carpet shampooed. Also, the ceiling light in front hallway did not work as the result of a defective switch.

16.     After creating a Power of Attorney for Greneth Ann Preddie in December 2007, Plaintiff retained counsel to address the repair issues.

17.     In a letter dated December 28, 2007, Plaintiff, through counsel, repeated her request to correct the housing code violations and the unlivable, unhealthy and hazardous living situation. *See* Exhibit 3, December 28, 2007 letter from Counsel for Plaintiff to Defendant Winn Residential.

18.     Plaintiff repeatedly appealed to Defendants to repair the unsafe and unsanitary conditions within the Premises. Despite Plaintiff's repeated requests for repair, Defendants either failed to respond to the requests in a timely manner or did not respond at all.

19.     On January 17, 2008 Defendant's exterminator visited the Premises and advised, in the presence of an employee of Defendant, that all of Ms. Iris Preddie's personal belongings needed to be discarded because rodent urine and feces were in all of the belongings, and rodent eggs embedded in the belongings and could perpetuate the infestation problem.

20.     Counsel for Plaintiff wrote a demand letter to Defendant Winn Residential on February 11, 2008, demanding repairs and outlining the damages to Ms. Iris Preddie's possessions. *See* Exhibit 4, December 28, 2007 letter from Counsel for Plaintiff to Defendant Winn Residential.

5

21.    As management had yet to correct the infestation, Plaintiff was then forced to stay with her daughter as long as the apartment remained uninhabitable. To date, Mrs. Iris Preddie has not been able to return to her apartment.

22.    Defendant responded on January 17, 2008 by going to premises and removing the following property 'in preparation for all work'. Thirty pairs of pants; forty sweaters; almost two hundred dresses; thirty undergarments; four jackets; ten pairs of shoes; and a chest and dresser in the bedroom.

23.    Additionally, Defendant directed Greneth Preddie to remove her mother's upholstered sofa and chairs at her own expense because Defendant would not accept them through their normal trash removal.

24.    The repair issues persisted through March of 2008, the last time Plaintiff and her daughters visited the apartment. At that time they saw rodent droppings on the floor of the apartment and the apartment smelled like rodent urine and feces.

## CAUSES OF ACTION

### COUNT I: BREACH OF THE IMPLIED WARRANTY OF HABITABILITY.

25.    Each and every fact and allegation contained in all preceding paragraphs are hereby incorporated by reference.

26.    Plaintiff resided at the Premises from November 1999 through March 2008. The unsafe and unsanitary conditions in the Premises have existed at least since May 2007.

27.    Various records evidence the fact that the Defendants knew or reasonably ought to have known about the housing code violations in the Premises.

28.    The Housing Code clearly places the responsibility of extermination of infestation with the Defendant. Plaintiff did not cause the conditions on the Premises, and Defendant neither complied substantially nor fulfilled the minimal requirements of the housing code.

29.    Defendant's efforts to remedy such conditions have proved to be largely ineffective to date and is evidenced by the necessity of repeated extermination and repair requests. Defendant knew or should have known that their minimal interventions would be ineffective to prevent re-entry by the rodents. Defendant knew, after receiving several months of complaints from Plaintiff's daughters and her counsel, that more care was required to resolve the rodent infestation problem.

30.    Defendants' continuous delay and inadequate treatment of the infestation is in part responsible for the severity of the health hazard. Had Defendants properly treated the entire building when first notified of the infestation on the Premises, Plaintiff might have been spared much of the hardship, pain and anxiety proximately caused by the existence and severity of the infestation of the Premises.

31.    By failing to repair the Housing Code violations in the Premises, either effectively or in a timely manner, Defendant denied Plaintiff: 1) reasonable enjoyment of the Premises and 2) use of the Premises in whole or in part.

32.    Not only has Plaintiff been denied the continuous use and enjoyment of the Premises as provided for by her lease agreement, but due to Defendants' failure to maintain the Premises in compliance with the Housing Code, Plaintiff's health, safety, and general mental well-being have been compromised continuously. Plaintiff has required medical treatment for injuries proximately caused by the pervasive infestation.

33.    The Housing Code states that an owner must "maintain the premises in compliance" with the provisions of the Housing Code. Section 301.1 of the Housing Code specifically includes an implied warranty of habitability in the terms of any lease or rental agreement.

34.    Defendants' failure to correct these violations constitutes a breach of the warranty of habitability implied into every tenancy in DC, as the building is not habitable and does not meet the standards set forth in the Housing Code. The serious Housing Code violations in the Premises have endangered the Plaintiff's health, safety and welfare.

## COUNT II:  VOID LEASE

35.    Each and every fact and allegation contained in all preceding paragraphs are hereby incorporated by reference.

36.    The Defendant knew, and continues to be aware, that the conditions existing in the Premises constitute substantial violations of the Housing Code, and reduced the Premises to an unsafe and unsanitary hovel.

37.    The Defendant did not repair the violations within a reasonable period of time after acquiring knowledge of the conditions.

38.    The violations were not caused by Plaintiffs' activities or those of Plaintiffs' invitees.

39.    By failing to repair the Housing Code violations despite more than adequate notice by Plaintiffs, and on Plaintiffs behalf by their attorney, the Premises were and continue to be unsafe and unsanitary.

40.    Pursuant to Section 302.2 of the Housing Code, the lease has been rendered void.

41.    Therefore, Plaintiffs seek recoupment of all rent paid to Defendant since the inception of the infestation in May 2007 through the last rental payment in March 2008.

## COUNT III: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

42.    Each and every fact and allegation contained in all preceding paragraphs are hereby incorporated by reference.

43.    The Defendants knew, and continue to be aware that the conditions existing in the Premises constitute substantial violations of the Housing Code, and reduced the Premises to an unsafe and unsanitary level.

44.    Defendant's lack of genuine effort to make the necessary repairs to the Premises, even after the unsanitary conditions hospitalized one of their tenants, amounts to an extreme and outrageous conduct. Their decision not to correct the condition of Premises is "utterly intolerable in a civilized community."

45.    An intentionality or recklessness can be inferred from the outrageousness of Defendant's callous failure to act in a timely manner to end the rodent infestation in the Premises. The unsanitary state of disrepair in the Premises acts as clear and convincing evidence of a wanton disregard for Mrs. Iris Preddie's rights and evinces a state of mind equivalent to malice.

46.    The grossly unsanitary nature of the infestation caused Mrs. Preddie to suffer sever emotional distress. Mrs. Preddie stood by helplessly as the vermin destroyed and contaminated her store of possessions. She suffered pain and anguish during and after her trip to the hospital. When Defendant finally responded to her requests, Mrs. Preddie was directed to dispose of large quantities of her personal possessions that she had accumulated over the course of her lifetime. Mrs. Preddie was harmed further after problem persisted, and she was forced to surrender her independence and move in with her daughter.

9

**COUNT IV: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

47.     Each and every fact and allegation contained in all preceding paragraphs are hereby incorporated by reference.

48.     Due to the pervasive and persistent unsafe and unsanitary housing conditions due the extreme rodent infestation within the Premises, the Premises amounted to a zone of danger for Plaintiff.

49.     The zone of danger is the product of the Defendants' failure to maintain and repair the Premises as required by the Housing Code.

50.     Because Iris Preddie's primary residence contained persistent unsanitary and unsafe living conditions, Plaintiff reasonably feared imminent bodily injury, which fear is contemporaneous with their presence in the zone of danger.

51.     The distress Iris Preddie has suffered is both serious and verifiable. Mrs. Preddie suffered not only emotional distress due to fear for her own well-being, but the physical manifestations and actual physical injury clearly bring this case within the class of serious and verifiable emotional distress. On several occasions Plaintiff has had to witness rodents usurping a lifetime of her belongings and leaving droppings on the kitchen counters where she prepared her food. The persistent and unsanitary conditions of the Premises, the physical injury suffered by Plaintiff, and the inability to reside in Premises due to unsanitary conditions subjected Mrs. Preddie to significant emotional distress.

52.     Plaintiff should be awarded compensation for the pain and suffering that resulted from the infestation and as well as the anxiety cased by the volume and severity of Defendant's breach of its warranty of habitability.

10

**COUNT V: NEGLIGENCE**

53.    Each and every fact and allegation contained in all preceding paragraphs are hereby incorporated by reference.

54.    Pursuant to Plaintiff's lease agreement, Defendants' management and control of the Premises, and the landlord-tenant relationship Defendants had with Plaintiff, Defendants were under a statutory, regulatory and common law duty to exercise reasonable care to provide reasonably safe and sanitary premises for building tenants, including Plaintiff, and to not create and subject residents to dangerous and unsanitary conditions.

55.    The Defendants' lack of responsiveness and failure to cure even the most egregious of the violative conditions clearly falls below the level of the reasonable care required.

56.    As a result of the Defendants' breach of duty, they should be found liable for all damages proximately caused by Defendants' negligence.  Such costs and expenses include, but are not limited to, cost of rodent repellants and related materials, the value of the discarded furniture and personal items, including furniture and clothing that Plaintiff was forced to dispose of, and all expenses incurred as a result of legal proceedings related to this matter.

**COUNT VI: VIOLATION OF FEDERAL HOUSING STANDARDS**

57.    Each and every fact and allegation contained in all preceding paragraphs are hereby incorporated by reference.

58.    Defendant, as one who accepts Section 8 housing subsidies, is obligated to keep housing decent, safe, sanitary and in good repair. See 24 C.F.R. § 5.703. The site must not be subject to material adverse conditions, such as rodent infestation. See id.

59.    The Defendants' lack of responsiveness and failure to cure even the most egregious of the housing code violations clearly falls below the level of the reasonable care required.

60.    As a result of the Defendants' breach of duty, they should be found liable for all damages proximately caused by Defendants' negligence.   Such costs and expenses include, but are not limited to, cost of rodent repellants and related materials, the value of the discarded furniture and personal items, including furniture and clothing that Plaintiff was forced to dispose of, and all expenses incurred as a result of legal proceedings related to this matter.

## COUNT VII: CONSTRUCTIve EVICTION.

61.    Each and every fact and allegation contained in all preceding paragraphs are hereby incorporated by reference.

62.    The Defendants' lack of responsiveness and failure to cure even the most egregious of the housing code violations clearly falls below the level of the reasonable care required.

63.    Defendants' lack of care of the Premises caused Mrs. Iris Preddie to abandon the premises to live in a safe, sanitary dwelling of her daughter, Greneth Preddie.

64.    As a result, Defendants' lack of care deprived Mrs. Preddie of possession of all of the leased property.

65.    As a result of the Defendants' breach of duty, they should be found liable for all damages proximately caused by Defendants' negligence.   Such costs and expenses include, but are not limited to, cost of rodent repellants and related materials, the value of the discarded furniture and personal items, including furniture and clothing that Plaintiff was forced to dispose of, and all expenses incurred as a result of legal proceedings related to this matter.

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| IRIS PREDDIE<br>6805 GEORGIA AVENUE, NW, APT. 6<br>WASHINGTON, D.C. 20012<br><br>Plaintiff,<br><br>v.<br><br>WINN RESIDENTIAL<br>PROPERTY MANAGEMENT, L.L.C.<br>6 FANEUIL HALL MARKETPLACE<br>BOSTON, MA 02109<br><br>-and-<br><br>PARK ROAD APARTMENTS, LIMITED<br>PARTNERSHIP<br>c/o CT Corporation System<br>1015 15th Street, NW, Ste. 1000<br>Washington, DC 20005<br><br>Defendants | Case No.:  2008 CA 004688 B<br>Judge:  Maurice Ross<br>Next Event:  ISC 10/3/08 |

NOTICE OF FILING NOTICE OF REMOVAL

TO THE HONORABLE CLERK OF THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA CIVIL DIVISION:

PLEASE TAKE NOTICE that on July 23, 2008, Defendant PARK ROAD APARTMENTS, L.P., (hereinafter "Defendant") filed a Notice of Removal in the United States District Court for the District of Columbia, a copy of which is attached hereto, in accordance with 28 U.S.C. § 1441, et seq.

Please be advised pursuant to 28 U.S.C. § 1446(d), the filing of such Notice of Removal with the United States District Court for the District of Columbia, together with the filing of this

Notice, effects the removal of this action and the Superior Court for the District of Columbia shall proceed no further unless and until this case may be remanded.

Dated this 23rd day of July, 2008                    Respectfully submitted.

                                                     **TAYLOR SYLLA & AGIN, LLP**

                                                     /s/ Marshall W. Taylor
                                                     Marshall W. Taylor, No. 454615
                                                     Taylor Sylla & Agin, LLP
                                                     The Commercial National Bank Building
                                                     1420 New York Avenue, N.W.
                                                     Suite 810
                                                     Washington, D.C. 20005
                                                     Phone: (202)783-7830
                                                     Email: mtaylor@tsafirm.com

                                                     Attorneys for Defendant

                                                     * * *

                        **CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that on this 23rd day of July, 2008 I served the following Notice of

Removal and attached Exhibits via CasefileXpress upon the following:

        Jennifer L. Berger
        AARP Legal Counsel for the Elderly
        601 E Street, N.W.
        Washington, D.C. 20049

                                        /s/ Marshall W. Taylor
                                        Marshall W. Taylor

## CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| *Iris Proddie* | *Winn Residential, et al* |
| **(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF *D.C.*<br>(EXCEPT IN U.S. PLAINTIFF CASES)<br>*Senn. Ser. L. Berger*<br>*605 E Street NW*<br>*Washington DC 20049* | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT *Sulfook, MA*<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE<br>TRACT OF LAND INVOLVED |
| **(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) *Marshall W. Taylor*<br>*Taylor, Sylla & Agin, LLP*<br>*1420 New York Ave. NW, Ste 870*<br>*Washington DC 20005* |

| II. BASIS OF JURISDICTION | III CITIZENSHIP OF PRINCIPAL PARTIES | | | |
|---|---|---|---|---|
| (PLACE AN x IN ONE BOX ONLY) | (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!** | | | |

| II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY) | | | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ Federal Question (U.S. Government Not a Party) | Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in item III) | Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| | | Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

(Place a X in one category, A–N, that best represents your cause of action and one in a corresponding Nature of Suit)

| ☐ A. Antitrust | ☐ B. Personal Injury/ Malpractice | ☐ C. Administrative Agency Review | ☐ D. Temporary Restraining Order/Preliminary Injunction |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>Social Security:<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br><br>Other Statutes<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

| ☒ E. General Civil (Other) OR ☐ F. Pro Se General Civil | | | |
|---|---|---|---|
| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☒ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **Bankruptcy**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or defendant<br>☐ 871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

| □ G. *Habeas Corpus/ 2255*<br>□ 530 Habeas Corpus-General<br>□ 510 Motion/Vacate Sentence | □ H. *Employment Discrimination*<br>□ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | □ I. *FOIA/PRIVACY ACT*<br>□ 895 Freedom of Information Act<br>□ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | □ J. *Student Loan*<br>□ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| □ K. *Labor/ERISA (non-employment)*<br>□ 710 Fair Labor Standards Act<br>□ 720 Labor/Mgmt. Relations<br>□ 730 Labor/Mgmt. Reporting & Disclosure Act<br>□ 740 Labor Railway Act<br>□ 790 Other Labor Litigation<br>□ 791 Empl. Ret. Inc. Security Act | □ L. *Other Civil Rights (non-employment)*<br>□ 441 Voting (if not Voting Rights Act)<br>□ 443 Housing/Accommodations<br>□ 444 Welfare<br>□ 440 Other Civil Rights<br>□ 445 American w/Disabilities-Employment<br>□ 446 Americans w/Disabilities-Other | □ M. *Contract*<br>□ 110 Insurance<br>□ 120 Marine<br>□ 130 Miller Act<br>□ 140 Negotiable Instrument<br>□ 150 Recovery of Overpayment & Enforcement of Judgment<br>□ 153 Recovery of Overpayment of Veteran's Benefits<br>□ 160 Stockholder's Suits<br>□ 190 Other Contracts<br>□ 195 Contract Product Liability<br>□ 196 Franchise | □ N. *Three-Judge Court*<br>□ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
□ 1 Original Proceeding  ☒ 2 Removed from State Court  □ 3 Remanded from Appellate Court  □ 4 Reinstated or Reopened  □ 5 Transferred from another district (specify)  □ Multi district Litigation  □ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**

Federal Housing Act, Section 8 violation; 24 CFR Sect. 5.203

**VII. REQUESTED IN COMPLAINT**  □ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    **DEMAND $**    Check YES only if demanded in complaint    **JURY DEMAND:** ☒ YES  □ NO

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  □ YES  ☒ NO    If yes, please complete related case form

DATE  7/31/08    SIGNATURE OF ATTORNEY OF RECORD

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence. Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C.; and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES. This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT. The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION. Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY. If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


_Iris Paglais_
Plaintiff

v.

Civil Action No.    **08 1321**

**JUL 3 1 2008**

_Winn Residential Property_
Defendant    _Management, LLC._
_ET AL_

The above entitled action, removed from the Superior Court for the District of Columbia, has been filed and assigned to Judge _____. All counsel and/or pro se litigants must include on any subsequent pleadings both the civil action number and the initials of the judge assigned to this action.  (See preceding sentence for judge's initials).

**KOLLAR-KOTELLY, J.CKK**

Pursuant to Local Rule 83.2(a)(b), an attorney must be a member in good standing of the bar of this Court to appear, file papers or practice.  To assist the Clerk's Office in properly recording all counsel of record, counsel for all parties must enter their appearance in accordance with our Local Rule 83.6(a).  Timely compliance with this requirement will enable the Clerk's Office to ensure prompt delivery of notices and orders.

Finally, your attention is called to Local Rule 16.3, Duty to Confer.  This rule clearly spells out the duty of counsel, as well as pro se litigants, to confer and report back to the Court on a wide range of questions.

NANCY MAYER-WHITTINGTON, CLERK

By _____
Deputy Clerk

cc: _Jennifer Berger_

929A
Rev. 7/02